Good morning Your Honor. First case is Robert Schultz and Donna Schultz v. Midland Credit. Mr. Milz. May it please the Court. My name is Andrew Milz. I represent the Plaintiff Appellants, Robert and Donna Schultz in this matter. With me today are my law partner Carrie Flitter and Youngmoon Kim from the Kim Law Firm. Your Honors, if I may, could I request two minutes for rebuttal? Granted. Thank you. Midland Credit Management is a debt collector who included in its debt collection letter the following statement. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled and might not be required in your case. However, the Internal Revenue Code provides that an applicable entity, such as a creditor, report cancellation of indebtedness income is only required to report that when the cancellation of indebtedness exceeds $600. But your class definition doesn't have that $600 limit. We're aware of the fact that your clients, the named plaintiffs, had debts that were less than $600, but your class definition is broader. So how would this be deceptive to the entire class? You're correct, Your Honor. The class definition is broader. The violation still remains in this letter that was sent to these individuals. We're solely choosing the most egregious aspect of the violation here. Why does the definition of the class, though, help us decide whether it's misleading? Because if it were sent only to people who owed $599 and less, it would seem clear that it's misleading, because why would they say they might report something that absolutely would not be reportable? But here, if the class includes people on both sides of the magic $600 number, wasn't it necessary for them to say that it may or may not? Well, Your Honor, I think that's something that can be ironed out at the class certification stage. As far as Mr. and Mrs. Schultz are concerned, the named plaintiffs here, and the letters that are issued before the court and attached to the First Amendment complaint, in the context of those letters, the statement is clearly false, deceptive, and misleading. So that's the issue. Would a letter that offered a compromise of the debt be misleading if income tax consequences, potential income tax consequences, were not mentioned at all? Let me see if I've got your question correct, Your Honor. I don't think that there's any place for a debt collector to insert any language about tax consequences. This debt collector here was not an applicable entity. But wouldn't it be misleading if there was an offer of compromise made in the letter, and the debtor did not know that they're going to have a tax consequence from accepting the offer? Well, I don't believe it's a debt collector's place to mention anything about any tax consequences to the consumer. There's a case out of the Second Circuit, that Altman case, Your Honor, that clearly says that a debt collector is not obligated to make any statement about tax consequences. Can there be tax consequences to the consumer when there's cancellation of indebtedness? Yes, there can be. Is it a debt collector's place to make statements about the IRS, this government agency that has such an intimidating effect on consumers? No, it's just simply not their place. So from your point of view, then, is there a difference between a letter that might say there may be tax ramifications if you settle this debt and one that says we might report this to the IRS? And if so, what's the difference? Clearly, Judge, there might be tax consequences if debt is canceled in some circumstances. In the context of this letter, when it says they're required to report, we can't get away from that language. They're required to report cancellations of indebtedness, and it might not be required in your case. That's misleading because there's no requirement to report when the cancellation of indebtedness is less than $600. And by saying we might not report, that indicates to the consumer, the alternative, that certainly reporting might be a possibility. What does it say they might not report? The last line of the second sentence, Judge, it says we will report forgiveness of debt as required by IRS regulations. Reporting is not required every time the debt is canceled or settled and might not be required in your case. So it didn't say might not report, it said might not be required. Correct. Well, it's certainly not required. It's absolutely not required. That's why the letter's deceptive. For the class, as you've defined it, it is required for a large number of the class. That could be the case in relation to some class members, I would imagine, Judge. That's not what that issue here, we're talking about a 12B6. But it's a punitive class action. I don't know how we can take it out of that context, right? I mean, if this is Mr. and Mrs. Schultz, it seems like a straightforward case. You've got people who owe less than $600, reporting is not required, and that language you just read to us would be misleading to anyone who owes under $600, right? It's misleading regardless, Your Honor, because there are certain exceptions. Well, if you send a letter, if the pool of recipients of the letter includes people that were on the gamut from owing $10 to owing $10,000, then saying it might be required is absolutely accurate. It's not, Your Honor. There are several exceptions to the reporting requirement, and those exceptions are set forth in the regulations. And if an exception doesn't apply, then it would be required. It's the potential that it would be required. Some of the people who owe more than $600 who get this letter, reporting will be required. I can't say that, Judge, on this record. I can't say that. I don't know if that's the case or if not. You're the master of your complaint. You define the class. You want the class to be everybody. And in order for this class to be certified, depending on what Your Honor's rule in this case, the class definition might need to be amended when this case returns. The question here is whether Mr. and Mrs. Schultz state a claim as a matter of law. But I guess that's what I'm probing is, do we evaluate whether this is accurate or not looking at the class as defined by you or only with respect to the Schultzes? With respect to the least sophisticated consumer, Your Honor, not even with respect to the Schultzes. But, well, the least sophisticated consumer including everyone in the putative class or including only the Schultzes? Including the Schultzes at this point. Only the Schultzes. Only their claims were dismissed. There has been no class certified in this case to this point. So what we're talking about is, do the Schultzes state a claim? And clearly they do. This letter is deceptive in the context of the letter sent to them. So you're happy that if we send it back to the district court with a little opinion that says, this is deceptive because it applies only to the Schultzes and doesn't apply to anyone else who might be a member of the class? Well, it would apply, certainly. If you find that the only problem with this letter is because they sent it to folks with debts of less than $600. If you find that the only problem with the language, and I disagree that it is, there's other problems with this because of the exceptions to the reporting requirement. But if that's Your Honor's holding and we're sent back to the district court with instructions that that's the actionable claim here, the class definition would be modified to be those consumers who received this letter whose debts were $600 or less. What is incorrect about the statement that's made with respect to debts that exceed $600? There are several exceptions to the reporting requirement, Your Honor. Right, and it says it might not be required. So what's factually incorrect about that? Well, in a lot of circumstances where a portion of that is interest or a portion of that is non-principle indebtedness, reporting would not be required for those portions. And you say it might not be required. So what's required? It might not require this deceptive conditional language, Your Honor. It implies the positive, that it might be required. And there are several cases that have held that such conditional language is unacceptable. It doesn't clear up the deception. Brown v. Card Service Center from this court is one of them. The case that we just recently submitted in our 28-J letter, the Boucher case is another. It blocks from the Seventh Circuit. These cases hold that this conditional language does not mollify the deception. I just want to make sure I get this then. With respect to folks like your clients, the named plaintiffs, the letter is problematic because it could never apply to them. Absolutely. And then with respect to your broader class, putative class definition, you're saying it's problematic because even with those folks who might have a debt over $600, the conditional language of it might not be required is deceptive because it could lead someone to believe it could be required. Right. With the conditional language used by the defendant, without any explanation of the possible conditions involved in such a scenario, it is hopelessly deceptive. So is it your position that the debt collector should never mention the possibility of tax ramifications in the letter that offers to compromise the debt? Yes. It's not the debt collector's place. Pure and simple. And the reason for this is it's interrogant language. It's meant to intimidate the consumer by telling the consumer, listen, you're going to have to pay full amount. If you don't pay full amount, if you pay less than full amount, then we're going to have to report it to the IRS. And when a consumer hears that they might be reported to the IRS, that's scary. It's scary to me. It's scary to anybody getting that letter, let alone a sophisticated consumer. If I can, I just want to make sure that what Judge Vanaski and you are discussing is the report to the IRS. Do you understand that's what the judge is talking about? Or do you understand when you think about those other cases that courts have approved saying there may be tax consequences, not with reference to the reporting? Because I'd like to know what your position is on that. Are you saying those cases are wrong? Absolutely, Judge Schwartz. I'm not saying those cases are wrong. That's not the case that's before the court right now. The case before the court has to do with them saying they're required to report, which is a different inquiry than tax consequences. Because certainly there can be tax consequences. Well, I'll just remember from law school that the Internal Revenue Code says that income includes... They don't say that. I hate to correct you again. They don't say they are required to report. That's not what it says. It says as required by the IRS. Right, which as required means if it's required, we report. If it's not required, we don't. Well, that could be read two ways, Judge. It could be read to mean because it's required by the IRS. And I'll mention Judge Barber's opinion in the Medina case where he spoke about that at length. And that makes sense. That section itself is subject to two or more meetings. That, I think, is a plausible suggestion. I don't think it's the best reading of as required, but it's plausible. But what makes it implausible is the sentence that comes right after it, which is an explicit disclaimer that it might not be required in your case. In other words, if you're concerned about whether this might be reported to the IRS, talk to somebody. And you can talk to your accountant, talk to anybody, and find out whether your debt is the type of debt that will be reported if it's compromised. That seems to me to provide the recipient a lot of information that could be helpful. It puts them on inquiry notice if it's something they're concerned about, doesn't it? Well, I disagree, Your Honor, respectfully. It says reporting might not be required in your case. Well, I want you to ask Mr. Schultz, when would reporting be required in the case of the Schultz? The Schultz is my client. Never is the answer. So might not be reported is deceptive. There's no circumstance. That brings us back to who we're talking about. Are we talking about just the Schultzes, are we talking about only people that owe $599 or less, or are we talking about the whole universe of debtors? What's interesting to me, I don't know if my colleagues agree, but what's interesting to me about this case is that depending upon the pool of recipients of the letter, that would seem to influence the accuracy or inaccuracy or the clarity or misleadingness of the letter, would it not? I understand what you're saying, Your Honor, and that might be something that needs to be revisited at class certification. Right now the question is whether Mr. and Mrs. Schultz state a claim for relief that's plausible on its face, and clearly the answer is yes, they do, because this letter, by saying reporting might not be required when it would never be required, is deceptive. And as far as the Schultzes go, they clearly state a claim, and that's the question before the court on this appeal. So we ask that the Court of Appeals reverse the district court's decision saying that the Schultzes do not state a claim. Clearly they do. This is false deceptive and misleading under this court's rule, and the other cases we state in our brief, and with that I'll reserve the remainder of my time for rebuttal. Thank you, Mr. Mills. Thank you, Your Honor. Mr. Schultz, arguing against the Schultzes. No relation, I assume. No relation, Your Honor. I'll make that clear at the start. Can you start where Mr. Mills left off? Isn't it true that if the letter were sent to only people who owe $599 or less that you've got a problem? The letter's a settlement letter, and so if accepted, all settlements, there's a reporting obligation. Now, and we cite that on page 13 of their brief. They cite the Cavuto case. It's a Seventh Circuit case. It's one of the very few at issue from the Court of Appeals. We cite Remington, we cite Everett, and there's this discussion about that. There's a reporting obligation from the creditor who gives forgiveness, and they have certain obligations and there's certain IRS requirements in connection with that. But under, and we cite it in the record below, and we cite it in the cases under 26 U.S.C. Section 61, that's gross income that must be reported, any debt forgiveness. It's an obligation of the consumer to report any debt forgiveness. That's a red herring.  The letter talks about whether it's reportable, and we've had a situation. Let's talk about what you said. You said, we will report forgiveness of debt as required. Reporting is not required every time a debt is canceled or settled and might not be required in your case. Back to my original question. If your client sent this letter to 1,000 debtors, each of whom owed $599 or less, what I just read to you would be misleading, because you were telling a group of people that reporting might not be required in your case when you know full well that it will not be required in your case. It's a firm letter, and it's making no representation. That's what every court has said. It's making no representation as the specific debtor. It's trying to be informative. There's a good quote, if I can, from a case that came out at the end of last week. I read it over the weekend. I'll cite it to the court. It's from CEBAN, C-E-B-A-N, versus Capital Management Services, January 17, Eastern District of New York. I'll provide this to the court. But it's just one quote that I felt was helpful. It contradicts and addresses what you're talking about. An unsophisticated consumer, so this had benign language, kind of like that letter, tax it language. An unsophisticated consumer likely would not know that the discharge of debt constitutes income for the purpose of calculating her taxes. She also might not know how the principal interest breakdown of the debt would affect this calculus. And here's the important part. CMS's decision to alert plaintiff to something he should consider without wading into the technicalities of an issue about which it has no expertise is perfectly in keeping with the FDCPA's goal of enabling consumers to understand, make informed decisions about, and participate fully and mutely in the debt collection process. Does the letter there, is that a $600 letter? Is that the IRS regulation letter, or is that a you should consult with your taxpayer? There may be tax consequences. You should consult with your accountant. Totally different. That's different than telling a taxpayer, I'm sorry, a debtor, that there may be a report to the IRS. So, Pete, focus on the language that your client has decided to craft. So please address my hypothetical. Sure. $599 or less, that's the universe of people who get the letter. This language would be problematic, would it not? It could be problematic if it's specifically to those people, but this is not specifically to those people. Right. So your argument is we can't be required to send different letters to different people based upon how much they owe. That's part of it, certainly. You're saying you have a right to send, you buy a pool of debt, and you have a right to try to collect that debt, and you don't have any obligation to separate how much they owe. You can send one form letter to the entire pool. I would say it's no obligation, but that is similar to the practice involved, and also it's similar to what the courts are telling them. Our client is obviously in an area with a lot of litigation. As you commented, I think it was your honor commented, agencies get sued for not saying something about tax consequences. We follow what's going on, and what the body of law has said, although there's no court of appeals, you're going to be breaking new ground. What the body of law has said, if you have a benign statement, a factual statement, avoid getting into the facts about the IRS code. Avoid saying things about $600 thresholds. Avoid talking about 1099 forms. Avoid talking about interest, what the courts have said, and every one of them has granted motions to dismiss under those circumstances, Rule 12. If you have a benign statement, it's a form letter sent out, you're not making a specific representation as to any consumer's debt. Those courts have dismissed, and our client is a large player in the market. It follows what's going on in the law. Where there's been an issue in almost all the cases cited, only denied motions to dismiss. I don't think there were any where they actually held liability. They only denied motions to dismiss when the defendant starts getting into that circumstance where they're trying to parse out and make specific references to certain exemptions, and that's what the courts talk about. Now you're getting into that quagmire of technicalities about which you're not an expert. That's where it can be confusing. Why are we doing this? We're sending letters trying to offer settlements, and the feel of settlements results in tax consequences. That's what we often do is they send letters, and we try not to have a surprise. When my client sent out lots of 1099s, insurance companies sent out lots, financial institutions sent out lots of 1099s, and what happens at the beginning of the year is the other side calls it, Why am I getting this? There's no heads up about it. We're trying to prevent that, trying to give a heads up. In your private practice, that probably came up. As a judge, when you're settling cases, what happens? You're trying to address what's going to happen with the 1099, with the tax consequences. You talked about the fact that this is a form letter, and tried to suggest from your statements that because your client is a large entity with lots of lawsuits and trying to settle lots of things, but one thing each of these letters do is identify a debtor, identify the debt, identify where it came from, the original creditor, and provides a specific amount for that person. Why would it be so difficult in a situation for the people like the Schultzes who would never fall into this reporting requirement to just not have that sentence? You tailor it in other ways. What's the difficulty? Then there's no doubt the letter is accurate, correct? I don't know if there's a difficulty to it. I suspect they could break up the letters into different ways. They can break them up into jurisdictions. What I can tell you is that in complying with what's the developed law, is that it has not been that requirement. And what they're saying is if you don't make a specific representation, if you front the issue of tax consequences, and that's what I was mentioning, that there are tax consequences no matter what if there's a settlement. You didn't say there are tax consequences. You said we may report. That's different. We will report forgiveness of debt. It says reporting is not required every time the debt is canceled or settled and might not be required in their case. Right, and for everybody who owes less than $600, might not be required in their case is untrue because it absolutely will not be required in their case. It's required by the debt to do it. Absolutely. But if you want to say that might not be required is referring to the debtor's obligation, then you're clearly misleading because the sentence immediately preceding it, which talks about reporting, is talking about you reporting. Not them. But the next claim is going to be I settled this debt, I paid a discount, and nobody told me about anything with regards to taxes. So we're trying to front that. We're trying to follow the law that's been developed, which is benign statements are acceptable. Specific tax representations is where you get in trouble. And they don't make any specific. Are you suggesting that if you didn't mention the possibility of a reporting requirement on the part of the creditor if the letter simply said there may be tax consequences associated with the forgiveness of the debt, that the letter then would be misleading because you didn't let the debtor know that you may have to report and then they get notice from the IRS? I can't predict the future, but from following these cases, they're coming in lots of different ways, and I could absolutely see that being the next approach. Some cases that developed in the last couple of years, you didn't say anything about taxes. You violated the law. So far, they've got some traction. It seems to be stopped in the Second Circuit. That doesn't mean it's not going to pop up. I've been doing this for a long time. And because one circuit rejects a theory, it doesn't mean the other circuit is going to do it. There are so many splits I could walk through a handful right now. It's hard to follow. So that is one of the dilemmas. What we do know is the courts are saying, you know, front the issue. We want to front the issue. We don't want to have surprises because it does create a problem. Financial institutions, including debt collectors, settle many things. There are tax consequences due to those settlements. They don't want to have that surprise. We're following what the courts have said. This judge said, you know, there's no way there's a specific statement as to any of these plaintiffs. They actually disclaimed a specific statement as to any of these plaintiffs. That's not unlike the, there may be tax consequences, consult with your tax advisor. Those people who say that benign statement, which the court seems to think is better or acceptable. Other courts have. We haven't weighed in on that. But other courts have certainly found that not problematic and seem to view this announcement of reporting to the IRS as taking a different tenor. And so the case law just seems to put them in two different buckets. One is what you're describing as this benign statement about there may be tax consequences. And then there seems to be this other bucket, Judge Bartels, Judge Checkey, some others within the circuit district court judges who have found the reporting to the IRS language to be different. Do you see them as different or do you see them as the same? The differences in those cases is where they're making factual statements that relate to a specific account, a dollar amount. That's where the violations have come. Is that what Judge Bartels' case was? He said it was a problem because it was specific as a taxpayer? I mean, sorry, debtor? Almost. I don't recall that language off the top of my head. I don't recall that language. But every case that's denied a motion to dismiss, other than perhaps one, has language where they start trying to interpret the IRS code. And typically it's where some of the exemptions that come in. We're talking about the interest exemption, bankruptcy. There's one for insolvency, the $600 limit. That's where the defendants are getting sued. But if you stay away from that, and what the courts have said, including this judge, this court said there's only one way to interpret this. That in certain circumstances they have to report not all are reported and they're making no representation as to these plaintiffs. They're raising the issue. It's something the plaintiffs can consider. They're fronting the issue. They're trying to avoid surprise. What about subsection 5? Could you address that for a minute? That says that you're not supposed to make a threat. You don't threaten to take any action that cannot legally be taken. Forget that part of it. Or that is not intended to be taken. We've seen some case law regarding that last clause where people are threatening to sue when they really have no interest in suing. Here you're not threatening to sue, but here you're saying that we will report as required by IRS regulations, and you're saying it might not be required in your case. How do you square that with the language of 5? There is no threat here. They're not making a specific representation about doing something. In those cases, there typically are a threat of litigation. The Brown case, which Counselor spoke about, had that. In fact, in Brown, there was a grant of judgment for a defendant. It went up on appeal, and the court remanded as a question of fact because the court wanted to know, well, do they follow through with regards to the threat? They said that you've got to contact the legal unit, and if you don't do so, you've got five days to do so. If you don't do so, we're going to send it out to the lawyer. The argument and the plea there was they don't do that. It just doesn't go out. There's the locks case from Seventh Circuit. I think they cited, and that's what the claim was, where the front page would have collected legal fees. In terms of fees, I think it was, but there's no law to collect that. So it was a specific statement directed to them about a specific circumstance, and that's where the false threat of taking action. Off the top of my head, I certainly don't know of any case that was relatively benign language, unspecific language about this that would be considered a false threat to take legal action or some other false threat like that. And there aren't any other cases out there where the debt collector makes a conditional remark when the facts are unconditional? Actually, in reading over the weekend, Judge Martini, in a case called Antista, about less than two, I think it was about two weeks ago, dealing with the same scenario. The other, Councilman Moon filed it. It was under, I should give you a case of it, Antista versus Financial Recovery Services, under $600 debt. Similar, you know, there may be tax consequences language, and the court granted the motion to dismiss. The court must assume, here's the quote, the court must assume that a reasonable and sophisticated debtor can distinguish between may and must. So that's the closest example I would have. This is a scenario, you know, there's other, if you second that. What's the policy reason? Tell us if this court were to say that there's an important distinction between recipients who owe $599 or less and those that owe $600 or more, what would be the policy implications for your client? In other words, it would oblige you to segregate the debt into two pools, right? You could send this letter. In fact, I guess you would. The problem is if you separate them into two pools, then you have to take out the conditional language, and it might not be required, because if everyone who gets one letter owes $600 or more, it will be required, and the converse is true to those who owe $599. Right. It's not unusual at all that a person's got more than one debt, and they're getting letters on, and some are going to be talking about the tax consequences, and some aren't going to be talking about the tax consequences, and the next step, then, is going to be, well, what about the interest? We should also start drilling down for the interest calculation. What about the bankruptcy scenario? And then perhaps what about the insolvency situation? All exemptions. And that's what the court, you know, we're trying to follow the guidance of the courts in doing so. So what I hear you saying is the more information the courts require you to provide, the less likely you are to comply with the statute, because it becomes a gotcha game. It absolutely does become a gotcha game. And that's also an example of that. The Seventh Circuit came up with safe harbor languages under this Act. They're not unusual. The different courts have used different safe harbor languages, which is kind of what you're talking about. And the ones that seem to work best are something like the Every v. RGM Seventh Circuit. It was a simple statement that's actually contained in this letter. We are not obligated to renew this offer. In order to address settlements, in order to make it not sound like this is the only time you're ever going to get the settlement, it's a safe harbor, a very benign, simple statement. But when you go with the longer ones, that's when you get trouble. So they crafted a case called Miller v. McCalla, and there's a Second Circuit case called Adler on the same point. They have this long, two-sentence safe harbor that's supposed to address debts that accrue interest or get larger because of fees or something else. And they said, use this as a safe harbor. Site check that case, those cases. There are dozens, if not hundreds, of fair debt cases against companies using that language or trying to use some form of that who gets sued. It becomes a very difficult slippery slope. Thank you, Mr. Schultz. We'll hear Mr. Mills on rebuttal. So we do request judgment to be affirmed. Thank you. Well, Your Honors, there's no record evidence as to Midland's motivations in sending out this language in this letter, and it's not to be determined at this point. If remanded, we'll develop a factual record when we return to the district court. One thing I can say is that the Altman case from the Second Circuit came down in May of 2015, and the Altman case says that they have no obligation to include any language at all about tax consequences or reporting to the IRS in their collection letters. Yet this big player in the debt collection industry took it among themselves to measure how this language would affect the least sophisticated consumer. So there's no purpose for this language to be in this letter other than to deceive the consumer. I thought you were going to say the main purpose is in there to try to intimidate the consumer into compromising the debt, which is okay because that's the business they're in, right? We're not here to put the entire debt collection business out of business, right? We're here to police them to make sure that they comply with the FDCPA. Absolutely, Your Honor. The purpose of this language, though, not to be confused, is to get the consumer to pay the full amount because it tells the consumer, if you attempt to cancel a portion of this, we're going to have to report it to the IRS. So if you want to settle for less, we're going to have to report it, so you better pay in full. That's what this language, why it's misleading and materially misleading to the least sophisticated consumer. I also want to mention, Judge Schwartz, you mentioned Judge Bartle's case in Medina. That was an as-required-by-IRS-regulations case, and it had no mention of the $600 amount in there. In that case, the debt attempted to be collected was $347, so Judge Bartle found that to be deceptive. I also want to respond to Judge Hardiman's question about Section 1692E5. If Your Honor looks at the Gonzalez case out of the Ninth Circuit, pages 1063 through 1064, at those pages the Ninth Circuit explains why this also states a claim under Section 1692E5 for threatening to take an action they couldn't legally take, and that this conditional language doesn't mitigate that. So there is a circuit case directly on point to answer your question, Judge. With that, we ask the Court to reverse and remand for further proceedings. We are amenable to amending the class definition upon remand. Well, let me just, before you sit down, on Gonzalez, you're talking about Gonzalez v. ARO? Yes, sir. The quotation from that case says that conditional language clarifying or explaining the conditions does not insulate a debt collector from liability. Let's accept that. Let's say we agree with that. Just because it doesn't insulate the debt collector doesn't mean that it can't protect the debt collector. It all depends on the facts of the case, doesn't it? Right. It applies to the facts in Gonzalez where the debt collector said that there was a possibility that credit reporting could occur when, in fact, all these debts were obsolete and credit reporting could not occur. Right. So we get back to where we started, which is, is it misleading to tell somebody in conditional language that something might happen when, in fact, the sender knows that it will not? Correct. Yes. Let's accept that. Okay. Thank you, Mr. Chairman. Thank you very much.